# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cr-00141-GMN-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MANUEL GURROLA-MIRANDA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant Manuel Gurrola-Miranda's ("Defendant") Motion for Disclosure of Impeaching Evidence (#69), filed September 4, 2014, and the Government's Response (#70), filed September 11, 2014. On April 16, 2014, Defendant was charged by indictment with Conspiracy to Distribute Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Trial is currently scheduled to commence on October 20, 2014. (#66)

The case has not been designated complex for purposes of discovery. The standard order regarding pretrial procedure indicates that discovery disputes are governed by Local Rule Criminal Practice 16-1, which requires that before filing any motion for discovery that "the parties shall confer promptly to discuss the scope, timing, and method of the disclosures required under section 16-1(b)(1)(D)(i) and any additional disclosures upon which the parties agree." *See* Local Criminal Rule ("LCR") 16-1(b)(1)(B). The rule further requires that "[b]efore filing any motion for discovery, the moving party shall confer with opposing counsel in a good faith effort to resolve the discovery dispute. Any motion for discovery shall contain a statement of counsel for the moving party certifying that, after personal consultation with counsel for the opposing party, counsel has been unable to resolve the dispute without Court action." *See* LCR 16-1(c). Defendant's motion does not include the required certification.

Defendant's motion is a broad-ranging discovery motion seeking an order compelling

production under *Brady v. Maryland*, 373 U.S 83 (1963) and its progeny.  The motion requests seven topics or categories of information regarding all of the witnesses to be called in this case, and information regarding a confidential informant.  Defendant's counsel indicates that he sent a letter to the Government requesting the information regarding the confidential informant, but no response was provided.

The Government indicates that it is aware of its obligations regarding the disclosure of exculpatory and impeachment evidence and that it has and will comply with its responsibilities.  It further states that the specific requests go far beyond what is required and to that extent, the motion is opposed.  The Government specifically indicates that it does not intend to call the confidential informant as a witness in the case and, therefore, has no duty to disclose impeachment evidence.  Finally, the Government indicates that the it would exceed the requirements of *Brady* to require the Government to describe, for each government witness, many of whom have many years of service, each occasion of testimony before any court, grand jury, or other tribunal or body.  In addition to being beyond the scope of *Brady* and it progeny, such a requirement "would be nearly, if not actually, impossible."

The Court has reviewed the motion and agrees that the identified categories of requested information are general requests, much of which the Government concedes it is obligated to provide under well known case law.  Unfortunately, there is no indication that the required personal consultation occurred before this motion was file.  The mere exchange of letters is not sufficient to satisfy the requirement for personal consultation.  Consequently, the Court is left with no particular dispute to resolve, except in very general terms requiring the Government to comply with pretrial discovery obligations of which it is already aware, and already imposed under LCR 16-1(b)(1)(D)(i). Given the wide range of agreement from the Government as to much of the information requested, much of the motion is moot.  Nevertheless, the Court orders as follows:

**1. Credibility Information.**  The Government shall disclose the criminal history reports of testifying witnesses in response to request 1.  The Government need not provide Defendant with every possible document that may reflect impeachment information, as suggested in requests 2 and 7.  The parties should, however, personally consult on the latter, as the record does not show what

specific impeachment information is sought.  Defendant is not entitled to the copies of debriefings of the confidential information unless they contain *Brady* material.

**2. Consideration**.  Request 3 seeks information concerning promises of various types of consideration given to witnesses, and request 4 seeks information of threats or coercion directed against the witnesses.   The Government must fully comply with its obligations to provide Defendant with information reflecting consideration and leniency, including plea agreements or immunity agreements, payments and other benefits, whether monetary or nonmonetary, provided to or requested by any testifying witness in this case.

**3. Prior Testimony**.  Requests 5 and 6 seek information on the existence and identification of each occasion on which each witness, including those who have been an informer, accomplice, co-conspirator, or expert, have previously testified before any court, grand jury, or other tribunal or body.  Defendant provides no argument as to why the requested information regarding prior testimony would be helpful or relevant to the defense.  The Government responds that fulfilling such a request would be unduly burdensome because most of the witnesses are law enforcement officers who, through their careers, have testified numerous times.  The court agrees that such a requirement exceeds *Brady* requirements, and would be of marginal relevance or assistance to the defense.

**4. Informant identity.**  Defendant requests various types of information concerning the informant in connection with this case.  He indicates that the informant met with agents and provided information about Defendant, and that the informant apparently met with Defendant and others on two occasions, but apparently did not witness any crimes.  Defendant provides no argument as to why the requested information regarding the confidential source who will not be a witness in this case would be helpful or relevant to the defense.

The decision whether to compel disclosure of an informant requires a balancing of a defendant's need for the information with the government's interest in protecting its sources. *See Roviaro v. United States*, 353 U.S. 53, 62 (1957).   Absent a showing of what the informant observed or how it would be helpful to the defense, the defendant has not met his responsibility to demonstrate the need for the disclosure. *United States v. Alexander*, 761 F.2d 1294, 1303 (9th Cir.

1985). The Court agrees with the Government that Defendant has not demonstrated that he is entitled to the requested informant information.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Manuel Gurrola-Miranda's Motion for Disclosure of Impeaching Evidence (#69), is **granted in part and denied in part** as set forth herein.

**IT IS FURTHER ORDERED** that to the extent additional information is sought that is covered by this motion, Defendants shall initiate a meet and confer with Government counsel and submit, not later than **October 2, 2014**, a joint motion specifically identifying the disputed information requested and setting forth the parties respective positions regarding the disputed information.

DATED: September 25, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**